*E-Filed 12/13/12*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DONALD R. LAFLAMME, | No. C 12-4567 RS (PR) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| HENDERSON, Warden, | |
| Respondent. | |

## INTRODUCTION

Petitioner seeks federal habeas relief from his state convictions. The petition for such relief is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

According to the petition, in 1982, petitioner pleaded guilty in the San Francisco County Superior Court to second degree murder. The petition does not state the length of the sentence.

## DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). As grounds for federal habeas relief, petitioner alleges that (1) the trial court imposed an impermissible sentence, and (2) the denial of parole violates his right to due process.

The first claim is barred by the rule against filing a second, or successive petition. He has filed at least two previous petitions regarding the same conviction at issue here, viz., No. C 96-1696 VRW (N.D. Cal. Aug. 13, 1997), and No. C 07-5505 VRW (N.D. Cal. Nov. 20, 2007). In order to file a second or successive petition, the petitioner must obtain an order from the court of appeals authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). Because petitioner has not shown that he has received such authorization, the instant petition must be dismissed as second or successive to the prior-filed petition. Accordingly, the petition is DISMISSED with prejudice.

His second claim is DISMISSED without prejudice. If he wishes to seek relief on such claim, he must file a separate habeas petition.

Petitioner's motions to proceed *in forma pauperis* (Docket Nos. 4 and 6) are DENIED. The papers indicate that he can afford the $5.00 filing fee for habeas actions. Petitioner is directed to make such payment to the Court forthwith. His motions to appoint counsel (Docket No. 3), for court-ordered legal supplies (Docket No. 7), and for a hearing schedule (Docket No. 9), are DENIED. The Clerk shall terminate Docket Nos. 3, 4, 6, 7 and 9, enter judgment in favor of respondent, and close the file.

A certificate of appealability will not issue. Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS SO ORDERED**.

DATED: December 13, 2012

RICHARD SEEBORG
United States District Judge